ORIGINAL

CURD, GALINDO & SMITH, L.L.P.
JOSEPH D. CURD
ALEXIS GALINDO
301 East Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Telephone: (562) 624-1177
Facsimile: (562) 624-1178

Attorneys for SI-NOR INCORPORATED

FILED
FEB 26 2007
U.S. COURT OF FEDERAL CLAIMS

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SI-NOR INCORPORATED, a California corporation

v.

THE UNITED STATES

No. 07-126-C

## COMPLAINT

Plaintiff herein complains and alleges as follows:

### GENERAL ALLEGATIONS

1. Plaintiff, SI-NOR INCORPORATED, is a California corporation duly formed and existing under the laws of the State of California and doing business in the County of Los Angeles.

2. This Complaint is filed pursuant to 41 U.S.C. §§ 605, 609.

3. On or about May 19, 2004, Plaintiff submitted a certified contract claim in the amount of $738,072.00 plus interest against Defendant pursuant to Federal Acquisition Regulation 33.206 ("Certified Claim"). A copy of the Certified Claim is attached hereto as Exhibit A.

4. On or about March 1, 2006, Defendant's contracting officer Jeffrey D. Ausenbaugh issued a written final decision ("Final Decision") in response to Plaintiff's Certified Claim offering $300,000 as settlement, which was substantially lower than the

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

amount demanded in the Certified Claim. A copy of the Final Decision is attached hereto as Exhibit B.

5. Plaintiff did not appeal the Final Decision to an agency board of contract appeals, but is filing this Complaint with this Court pursuant to 41 U.S.C. § 609.

6. The Tucker Act, 28 USC § 149(a)(1), provides this Court with original jurisdiction over any present monetary claim against Defendant arising out of Defendant's violation or breach of a contract.

FIRST CAUSE OF ACTION

(Breach of Express Contract)

7. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 6 above.

8. On or about June 20, 2000, Plaintiff and Defendant entered into a service contract whereby Plaintiff was to provide refuse and recyclable materials collection and disposal service at Offutt Air Force Base and Elkhorn Air Force Base in Nebraska ("Contract") beginning July 1, 2000. A copy of the Contract is attached hereto as Exhibit C.

9. The Contract was negotiated between Plaintiff and Defendant based on information provided by Defendant pertaining to, inter alia, workload data, previous and current bid schedules, refuse vehicles and equipment requirement, and workforce requirement.

10. The Contract was signed by Gil Koda, Vice-President of Plaintiff and David B. Long, Contracting Officer of Defendant's Department of Air Force.

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

11. Contract number F25600-00-C-0012 was assigned to the Contract by Defendant for identification purposes.

12. Defendant had a recycling center at Offutt Air Force Base ("Recycling Center"), which was operated by Defendant's Base Environment Services Department and Department of Reutilization Marketing Office ("DRMO") at the time of the negotiation of the Contract.

13. The Recycling Center was operated by Goodwill Industries under separate contract prior to the taking over of the operation by Defendant's Base Environmental Services Department and DRMO.

14. Plaintiff is informed and believes and thereon alleges that in or about August 2000, Defendant offered Plaintiff the use of certain equipment at the Recycling Center to increase the marketability of the recyclable materials collected from the base. The list of equipment offered to Plaintiff included, inter alia, large industrial forklift, industrial wood chipping machine, and snowplow equipment.

15. As soon as Plaintiff began to provide its services to Defendant under the Contract, Plaintiff discovered that the equipment offered by Defendant disappeared from the Recycling Center and Defendant's workers also stopped working at the Recycling Center.

16. In furtherance of the services related to the collection and disposal of refuse and recyclable materials under the Contract, Plaintiff took over the operation of the Recycling Center in good faith from Defendant's Base Environmental Services Department and DRMO.

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

17. As a result of the disappearance of Defendant's equipment and workers, Plaintiff was forced to hire additional labor and equipment to handle the processing of the recyclable materials.

18. While the Contract listed unit price for collecting and disposing refuse and recyclable materials, it did not show any unit price for the operating of the Recycling Center.

19. Defendant led Plaintiff to believe that the Contract would be modified to add the fair price for operating the Recycling Center since Defendant was previously paying a different contractor, Goodwill Industries, to operate the Recycling Center. Plaintiff continued to operate the Recycling Center in reliance on the belief that Plaintiff would be paid a fair price.

20. Soon after the commencement of the Contract, Defendant's Base Environmental Services Department and DRMO began to unload discarded and abandoned hazardous and non-recyclable materials at the Recycling Center. Plaintiff complained to Defendant and received no response while the illegal dumping continued.

21. Plaintiff incurred additional expenses in handling the illegal dumping by Defendant's Base Environmental Services Department and DRMO.

22. In or about February 2004, Plaintiff submitted Invoice No. RECYOF-0104 to Defendant for a total of $738,000 to cover Plaintiff's cost of operating the Recycling Center at $18,000.00 per month from September 1, 2000 through January 31, 2004 (41 months). A copy of Invoice No. RECYOF-0104 is attached hereto as Exhibit D.

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

23. In or about March 2004, Plaintiff submitted Invoice No. RECYOF-0204 to Defendant for $20,000 to cover Plaintiff's cost of operating the Recycling Center during February 2004. A copy of Invoice No. RECYOF-0204 is attached hereto as Exhibit E.

24. Plaintiff continued to operate the Recycling Center up to August 31, 2004, one month before the end of the Contract. The cost to operate the Recycling Center for an additional six months (March 2004 through August 2004) amounted to $120,000.00 at $20,000.00 per month.

25. As of the filing of this Complaint, Plaintiff has not received any payment from Defendant for any of the invoices pertaining to the operating of the Recycling Center.

26. Plaintiff has performed all its obligations under the Contract.

27. The refusal of payment by Defendant for services received from Plaintiff constitutes a substantial breach of the Contract.

28. As a result of the breach of the Contract by Defendant as alleged above, Plaintiff has been damaged in a sum not less than $878,000 plus interest thereon at the maximum rate permitted by law from a date or dates according to proof.

<u>SECOND CAUSE OF ACTION</u>

(Breach of Implied Covenant of Good Faith and Fair Dealing)

29. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 6, and 8 through 28 above.

30. A covenant of good faith and fair dealing is implied in every contract, including the Contract between Plaintiff and Defendant.

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

31. Defendant breached the implied covenant of good faith and fair dealing in the Contract by not providing the equipment and labor Defendant promised to entice Plaintiff to operate the Recycling Center.

32. Defendant breached the implied covenant of good faith and fair dealing in the Contract by failing to properly respond to Plaintiff's complaint of the lack of equipment and labor promised by the Defendant.

33. Defendant breached the implied covenant of good faith and fair dealing in the Contract by expanding the scope of work without fairly compensating Plaintiff for the additional work of operating the Recycling Center.

34. Defendant breached the implied covenant of good faith and fair dealing in the Contract by permitting its departments to illegally and continuously dump hazardous and non-recyclable materials into the Recycling Center thereby making it the problem of Plaintiff.

35. From the commencement of the Contract up to early 2003, Plaintiff consistently received excellent performance ratings and references from Defendant. After Plaintiff requested equitable compensation for operating the Recycling Center and complained of the illegal dumping by Defendant's departments, Defendant issued a lower performance rating with negative comments to Plaintiff. Defendant also threatened to cancel the Contract.

36. Defendant further breached the implied covenant of good faith and fair dealing in the Contract by giving Plaintiff an unjustifiably low performance rating and by threatening to cancel the Contract as retaliation against Plaintiff's request for equitable compensation and complaint of illegal dumping.

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

37. Plaintiff has been damaged by Defendant's breach as alleged above for having to expend substantial money and effort to operate the Recycling Center, as well as to handle unanticipated hazardous and non-recyclable materials.

38. Plaintiff's business reputation has been damaged by Defendant's breach as alleged above for receiving an unjustifiably low performance rating and negative comments from Defendant.

THIRD CAUSE OF ACTION

(Breach of Implied-In-Fact Contract)

39. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 6, 8 through 28, and 30 through 38 above.

40. In the event that the scope of the Contract does not directly cover the operating of the Recycling Center, Plaintiff shall allege that Plaintiff rendered its service to Defendant to operate the Recycling Center under an implied-in-fact contact ("Implied-In-Fact Contract").

41. The operating of the Recycling Center was made in good faith by Plaintiff and under the instruction from Defendant. Defendant has been aware of, at all relevant times, the additional work performed and the additional cost incurred by Defendant to operate the Recycling Center and to handle illegal dumping of hazardous and non-recyclable materials by Defendant.

42. Defendant's refusal to pay Plaintiff for the invoices pertinent to the operating of the Recycling Center constitutes a substantial breach of the Implied-In-Fact Contract.

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

43. As a result of the breach of the Implied-In-Fact Contract by Defendant as alleged above, Plaintiff has been damaged in a sum not less than $878,000 plus interest thereon at the maximum rate permitted by law from a date or dates according to proof.

FOURTH CAUSE OF ACTION

(Quantum Meruit)

44. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 6, 8 through 28, 30 through 38, and 40 through 43 above. Prior to having Plaintiff operate the Recycling Center, Defendant paid a third party contractor to operate the Recycling Center under a separate contract, upon the termination of which, Defendant incurred expenses by having its own departments operate the Recycling Center. Plaintiff subsequently took over the operation for Defendant.

45. Defendant would have been unjustly enriched if Defendant were allowed to receive valuable service from Plaintiff without having to pay fair value for the service.

WHEREFORE, Plaintiff prays judgment as follows:

AS TO THE FIRST CAUSE OF ACTION:

1. For damages in a sum not less than $878,000 plus interest thereon at the maximum rate permitted by law from a date or dates according to proof For attorney's fees.

2. For attorney's fees.

AS TO THE SECOND CAUSE OF ACTION:

1. For damages in an amount according to proof.

2. For attorney's fees.

AS TO THE THIRD CAUSE OF ACTION:

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

1. For fair value of services received and unpaid in a sum not less than $878,000 plus interest thereon at the maximum rate permitted by law from a date or dates according to proof.

2. For attorney's fees.

AS TO THE FOURTH CAUSE OF ACTION:

1. For fair value of services received and unpaid in a sum not less than $878,000 plus interest thereon at the maximum rate permitted by law from a date or dates according to proof.

2. For attorney's fees.

AS TO ALL CAUSES OF ACTIONS:

1. For costs of suit herein incurred; and

2. For such other and further relief as the Court may deem proper.

DATED: February 22, 2007

CURD, GALINDO & SMITH, L.L.P.

JOSEPH D. CURD

Attorneys for Plaintiff

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178