IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SI-NOR INCORPORATED, a California corporation, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-126C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

1. Admits.

2. The allegation contained in paragraph 2 constitutes a conclusion of law to which no answer is required; to the extent that it may be deemed an allegation of fact, it is denied.

3. Admits the allegations contained in the first sentence of paragraph 3 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 3. Denies the allegations contained in the second sentence of paragraph 3 in that Exhibit A to plaintiff's complaint does not contain a signed certification.

4. Admits the allegations contained in the first sentence of paragraph 4

to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 4. Admits the allegations contained in the second sentence of paragraph 4.

5. Admits the allegation contained in paragraph 5 that “[p]laintiff did not appeal the Final Decision to an agency board of contract appeals;” the remaining allegation contained in paragraph 5 constitutes a conclusion of law to which no answer is required; to the extent that it may be deemed an allegation of fact, it is denied.

6. The allegations contained in paragraph 6 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

7. Defendant’s responses to paragraphs 1 through 6 of the complaint are incorporated by reference.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the contract cited, which is the best evidence of its contents;

otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits.

13. Admits.

14. Admits the allegation contained in the first sentence of paragraph 14 that "[d]efendant offered [p]laintiff the use of certain equipment at the Recycling Center," but denies the remainder of the allegations contained in the first sentence of paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegation contained in the second sentence of paragraph 14.

15. Denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Admits the allegation contained in paragraph 16 that "[p]laintiff took over the operation of the Recycling Center" from defendant's Base

Environmental Services and DRMO; the remainder of the allegations contained in paragraph 16 constitute plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 constitute plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

18. Admits the allegations contained in paragraph 18 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. The allegations contained in paragraph 19 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

20. Denies.

21. The allegations contained in paragraph 21 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

22. Admits the allegations contained in the first sentence of paragraph 22 to the extent supported by the invoice cited which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 22. Admits the allegations contained in the second sentence of paragraph 22.

23. Admits the allegations contained in the first sentence of paragraph 23 to the extent supported by the invoice cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 23. Admits the allegations contained in the second sentence of paragraph 23.

24. Admits the allegations contained in the first sentence of paragraph 24. Denies the allegations contained in the second sentence of paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Admits the allegations contained in paragraph 25 of the complaint to the extent that the invoices described in paragraphs 23 and 24 have not been paid by defendant; otherwise denies the allegations contained in paragraph 25.

26. The allegations contained in paragraph 26 constitute conclusions of

law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute conclusions of law to which no answer is required; to the extent that they may deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

29. Defendant's responses to paragraphs 1 through 6, and 8 through 28 of the complaint are incorporated by reference.

30. The allegations contained in paragraph 30 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

31. The allegations contained in paragraph 31 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

32. The allegations contained in paragraph 32 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 33 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

35. Denies.

36. The allegations contained in paragraph 36 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 37 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

38. The allegations contained in paragraph 38 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

39. Defendant's responses to paragraphs 1 through 6, 8 through 28,

and 30 through 38 of the complaint are incorporated by reference.

40. The allegations contained in paragraph 40 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

41. The allegations contained in paragraph 41 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

42. The allegations contained in paragraph 42 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

43. The allegations contained in paragraph 43 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

44. Defendant's responses to paragraphs 1 though 6, 8 through 29, 30 through 38, and 40-43 of the complaint are incorporated by reference.

Admits the allegations contained in the second and third sentences of paragraph 44.

45. The allegations contained in paragraph 45 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

46. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 45, or to any relief whatsoever.

47. Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by accord and satisfaction.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such further and other relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/A. Bondurant Eley
A. BONDURANT ELEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 616-5824
Fax: (202) 514-8624

May 29, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 29th day of May, 2007, a copy of the foregoing "ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/A. Bondurant Eley
A. BONDURANT ELEY