IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SI-NOR INCORPORATED, a California corporation, Plaintiff, | ) | |
| v. | ) | No. 07-126C (Judge Lawrence M. Baskir) |
| THE UNITED STATES, Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to RCFC Appendix A, and the Court's Special Procedures Order, Plaintiff, Si-Nor, Incorporated, and Defendant, the United States, jointly report as follows:

(a) Plaintiff states that this Court has jurisdiction over the subject action pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1) because it is a claim by Plaintiff against the United States founded upon a contract with the United States.

Defendant states that this Court lacks subject matter jurisdiction over Plaintiff's claim that Defendant retaliated against Plaintiff by giving unjustifiably low performance ratings and by making negative comments that caused harm to Plaintiff's business reputation. Defendant is not aware at this time of any other basis upon which to challenge the Court's jurisdiction.

(b) There is no other relevant case to be consolidated with this case.

(c) Trial of liability and damages should not be bifurcated.

(d) There is no other relevant case pending before this Court or any other tribunal that warrants a deferment of further proceedings in this case.

(e) This case is not a tax refund action; no remand or suspension will be sought.

(f) No additional party is expected to be joined.

(g) Plaintiff does not intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 at this time.

As discussed in part (a) above, Defendant believes that this Court lacks subject matter jurisdiction over Plaintiff's claim that Defendant retaliated against Plaintiff by giving unjustifiably low performance ratings and by making negative comments that caused harm to Plaintiff's business reputation. Therefore, Defendant intends to file a motion to dismiss paragraphs 35, 36 and 38 of the Complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) upon the grounds explained below, within 30 days after the Preliminary Status Conference is held.

The Tucker Act, 28 U.S.C. § 1491(a), as amended, provides that the Court of Federal Claims has "jurisdiction to render judgment upon any claim against the United States . . . for liquidated or unliquidated damages in cases *not sounding in tort*." 28 U.S.C. § 1491(a)(1) (emphasis added). Although an exception may arise where a "'tortious breach of contract," rather than a tort independent of the contract is alleged. L'Enfant Plaza Properties, Inc. v. United States, 645 F.2d 866, 892 (Ct. Cl. 1981), the Plaintiff in such a case must show a connection between the alleged tortious conduct and a contractual obligation owed by the Government. Id.; see also Spodek v. United States, 73 Fed. Cl. 1, 9 (2006). Mere arguments that the alleged tortious conduct is "related" in some general sense to the contract will not suffice. L'Enfant Plaza Properties, Inc., 645 F.2d at 892.

Plaintiff alleges that Defendant breached an implied covenant of good faith and fair dealing. There is no allegation that the ratings and statements violated express contract terms or conditions. The complaint fails to allege specific ratings given and statements made that constitute the alleged breach. It appears such ratings and negative comments are only related to the subject contract in a general sense. Plaintiff performed the contract to completion. There is no allegation that the alleged breaches related to contractual obligations of the parties, that such alleged breaches interfered

with Plaintiff's performance, or that the alleged breaches destroyed any reasonable expectation regarding the fruits of the contract. See Centex Corp. v. United States, 395 F.3d 1283, 1304 (Fed. Cir. 2005).

Even if this court were to find that this is not a tort claim outside this court's jurisdiction, this claim should still be dismissed for Plaintiff's failure to submit a proper CDA claim to the contracting officer regarding this claim. This court's jurisdiction is predicated on the Defendant's proper filing of a complaint with the contracting officer. 41 U.S.C. § 605. Federal Acquisition Regulation (FAR) 33.201, which implements the CDA, defines "claim," in part, as a written demand or assertion "seeking, as a matter of right, the payment of money in a sum certain." 48 C.F.R. 33.201. Although Plaintiff's claim mentioned the negative ratings and comments, it did not provide the contracting officer with "a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim." Contract Cleaning Maintenance, Inc. v. United States, 811 F.2d 586, 592 (Fed.Cir.1987).

At this time, Defendant has not determined whether it will file any motions pursuant to Rule 56 following the close of discovery.

(h) The factual and legal issues of this case are as follows:

//

Plaintiff's Statement of the Factual Issues

Plaintiff contends that Plaintiff and Defendant entered into a contract on or about June 30, 2000 by which Plaintiff was to provide refuse and recyclable materials collection and disposal service at Offutt Air Force Base and Elkhorn Air Force Base in Nebraska; that the scope of the contract did not cover the operation of a recycling center at the Offutt Air Base ("Recycling Center"); that Plaintiff in fact operated the Recycling Center for Defendant for about 48 months at the instruction of Defendant and incurred additional expenses; that Plaintiff further incurred additional expenses in handling non-recyclable and hazardous materials dumped by Defendant at the Recycling Center; that Plaintiff issued a total of $758,000 in invoices to Defendant up to February 2004 (42 months) for the operating of the Recycling Center; that the total invoice amount should have been $878,000 for the 48 months of operating the Recycling Center up to August 31, 2004; and that Defendant has not paid Plaintiff any of the said invoices. Plaintiff further contends that Plaintiff submitted a certified contract claim in the amount of $738,072 in or about May 2004; that Plaintiff and Defendant reached a compromise on or about November 30, 2004 when Plaintiff was under extreme financial stress and that Plaintiff was to accept $300,000 from Defendant to settle the claims; that Defendant did not pay any of the

compromised amount; and that Defendant issued a final decision to Plaintiff about 15 months later on March 1, 2006 that Defendant was ready to pay $300,000 for the claims and that Plaintiff may appeal the decision to the board of contract appeals or to bring an action in the United States Court of Federal Claims. Plaintiff further contends that prior to June 30, 2000, Defendant contracted with and paid Goodwill Industries to operate the Recycling Center, and that Defendant also operated the Recycling Center on its own at one point and incurred expenses in doing so.

Defendant's Statement of the Factual Issues

Defendant states that the facts and circumstances surrounding Plaintiff's $300,000 compromise of its claim and the subsequent repudiation of that compromise are at issue in this case, as is the quantum of the recovery, if any, to which Plaintiff may be entitled as a consequence of its operation of the recycling center at Offutt Air Force Base.

Legal Issues

Plaintiff contends that Defendant's refusal to pay for the services received constitutes a breach of express contract, a breach of implied covenant of good faith and fair dealing, a breach of implied-in-fact contract, and unjust enrichment. Plaintiff further contends that any previous compromise has been invalidated because Defendant failed to perform

within a reasonable time, and that Defendant's March 1, 2006 final decision letter confirms that neither party was bound by the previous unperformed compromise.

Defendant identifies the following legal issues:

(1) Whether the Court lacks subject matter jurisdiction over Plaintiff's claim that the Government retaliated against Plaintiff by giving unjustifiably low performance ratings and by making negative comments that caused harm to Plaintiff's business reputation.

(2) Whether Plaintiff's claim is barred in toto by the doctrine of accord and satisfaction.

(3) Whether the damages claimed by Plaintiff are reasonable, justified, and supported by contemporaneous documentation and invoices.

(i) This case has been assigned to the Court's ADR Pilot Program. Pursuant to General Order No. 40, the parties anticipate that the ADR Judge will endeavor to schedule an Early Neutral Evaluation conference within 30 days of the filing of this report.

Plaintiff and Defendant intend to make their best effort to reach a settlement without going to trial, and alternative dispute resolution may be contemplated after an initial discovery period.

(j) Plaintiff states that it is too early at this point to anticipate whether this case will proceed to trial. Defendant states that, assuming that the case is not resolved upon cross-motions for summary judgment, through ADR, or that the case does not settle, defendant will proceed to trial.

Plaintiff and Defendant do not request expedited trial scheduling at this time.

(k) There is no special issue regarding electronic case management needs which Plaintiff and Defendant are aware of.

(l) Plaintiff and Defendant do not have any other information at this time of which this Court should be made aware.

(m) The following is a proposed discovery plan for this case:

| | Event | Plaintiff's proposed date | | Defendant's proposed date |
|---|---|---|---|---|
| 1. | Initial disclosures | July 30, 2007 | | July 30, 2007 |
| 2. | Close of non-expert discovery, including exchange of documents, depositions and DCAA audit | Dec. 31, 2007 | | Dec. 31, 2007 |

| | | | | |
|---|---|---|---|---|
| 3. | Designation of experts, if any | Jan. 30, 2008 | | Jan. 30, 2008 |
| 4. | Plaintiff's expert report(s), if any | Feb. 29, 2008 | | Feb. 29, 2008 |
| 5. | Defendant's expert report(s), if any | Mar. 31, 2008 | | Mar. 31, 2008 |
| 6. | Plaintiff's rebuttal expert report, if any | Apr. 14, 2008 | | Apr. 14, 2008 |
| 7. | Defendant's rebuttal expert report, if any | Apr. 28, 2008 | | Apr. 28, 2008 |
| 8. | Close of expert discovery, including depositions, if any | May 28, 2008 | | May 28, 2008 |

Discovery will be deemed complete if no expert witness is designated by either Plaintiff or Defendant by January 30, 2008.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Joseph D. Curd
JOSEPH D. CURD
Curd, Galindo & Smith
301 E. Ocean Boulevard
Suite 1700
Long Beach, CA 90802
Tel: (562) 624-1177
Fax: (562) 624-1178

Counsel for Plaintiff

s/ A. Bondurant Eley
A. BONDURANT ELEY
Trial Attorney
Commercial Litigation Branch
Department of Justice
1100 L St., N.W.
Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: (202) 616-8254
Fax: (202) 514-8624

Counsel for Defendant

July 16, 2007

CERTIFICATE OF FILING

I hereby certify that on this 16th day of July, 2007, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Joseph D. Curd
JOSEPH D. CURD