# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SI-NOR, INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-126 |
| | ) | (Baskir) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant | ) | |

## PROTECTIVE ORDER

Certain information that may necessarily be disclosed orally or in writing during this action may be proprietary, confidential, or otherwise protectable. To address these concerns, it is ordered that protected information, provided formally or informally during the course of this action, shall be disclosed by the parties only as follows:

1. "Protected Information" as used herein means documents bates labeled GOV005852 through GOV005884, GOV006275 through GOV006276, GOV007149 through GOV007153, GOV007155, GOV007321, GOV007580 through GOV007585, and GOV007611 through GOV007629. All protected information produced by defendant shall bear the legend "PROTECTED INFORMATION."

2. Protected information shall be used by the parties solely for the purposes of this litigation and shall not be given, shown, made available,

discussed or otherwise communicated in any form except as provided herein.

3. The only persons who may be given access to protected information at this time are:

A. Counsel of record for the named parties in this action and counsel for the Air Force;

B. Regular employees of the parties identified in Paragraph A who are assigned to assist in this action, provided that such regular employees agree to abide by the terms of this Protective Order regarding the use and dissemination of protected information;

C. Any expert witness, whether a consulting or testifying expert, retained by or on behalf of any named party in the action to assist that party in the prosecution or defense of this action, provided that such expert witness agrees to abide by the terms of this Protective Order regarding the use and dissemination of protected information; and

D. The Court.

4. Should plaintiff's counsel conclude that he wishes to use the protected information in any way that involves the dissemination of such

information beyond the parties identified in Paragraph 3, plaintiff's counsel shall seek leave of Court.

5. If it becomes necessary for counsel of record to disclose any or all of the protected information through filing with the Court or to attach any or all of the protected information to a deposition, counsel of record agrees to file or attach such documents under seal so that the documents may not be viewed by the public or by any other person not subject to this agreement.

6. Each person covered by this Protective Order shall take all necessary precautions to prevent disclosure of protected information, including but not limited to physically securing, safeguarding and restricting access to the protective information. The confidentiality of information learned pursuant to this Protective Order shall be maintained in perpetuity.

7. Within thirty (30) days after the conclusion of this action (including any and all appeals and remands), plaintiff's counsel shall destroy all protected information and certify in writing to defendant's counsel that such destruction has occurred, and/or (ii) return the protected information to defendant's counsel.

8. Nothing contained in this Protective Order shall preclude a party from seeking relief from this Protective Order through the filing of an

appropriate motion with the Court that sets forth the basis for the relief sought, and that indicates that the provisions of Paragraph 4 have been followed, but that an agreement between the parties has not been reached as to whether the information should be disclosed.

9. Nothing herein shall be construed to affect the admissibility of any relevant document, testimony, or other evidence at trial.

Dated this ___ day of ____________, 2007.

______________________________
JUDGE BASKIR
U.S. COURT OF FEDERAL CLAIMS