IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SI-NOR INCORPORATED, a California corporation, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-126C (Judge Baskir) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS AND TO STAY PROCEEDINGS

Pursuant to Rule 12(b)(1) of the Rules of the United States Claims Court (RCFC), defendant respectfully requests the Court dismiss the complaint of plaintiff Si-Nor Incorporated ("Si-Nor") upon the grounds that the California Franchise Tax Board's suspension of Si-Nor's corporate powers, rights and privileges has deprived Si-Nor of the capacity to sue in this Court, and, by extension, that this Court lacks subject matter jurisdiction over this action. Defendant further requests that all proceedings in this matter, including discovery, be stayed until the resolution of this motion to dismiss.

STATEMENT OF THE ISSUE

Whether Si-Nor has the capacity to maintain this lawsuit when the State of California Franchise Tax Board suspended its corporate powers, rights, and privileges because of its failure to pay state franchise taxes.

## STATEMENT OF THE CASE

On February 26, 2007, Si-Nor filed a complaint against the United States in connection with its operation of a recycling center at Offutt Air Force Base. In that complaint, Si-Nor alleged that it was a California corporation. Complaint ¶ 1.

As the parties were coordinating the scheduling of depositions in this case in late January, defendant's counsel learned that the California Franchise Tax Board had suspended Si-Nor's corporate powers, rights and privileges effective October 1, 2007. See Exhibit A. When this matter was brought to the attention of plaintiff's counsel, plaintiff's counsel cancelled the previously scheduled depositions of two Offutt employees, and the parties effectively ceased discovery. See Exhibit B. Plaintiff's counsel has requested that defendant consent to an enlargement of the discovery period to accommodate plaintiff's efforts to reinstate its corporate powers. See Exhibit C. Discovery is currently scheduled to close on February 29, 2008. Order, January 2, 2008.

## ARGUMENT

### I. The Court Is Without Jurisdiction To Entertain This Action Because The Plaintiff Lacks the Capacity to Sue

Plaintiff bears the burden of pleading and proving the requisite

jurisdictional facts to establish the Court's jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Haber v. United States, 17 Cl. Ct. 496, 498-99 (1989). To demonstrate that this Court possesses jurisdiction to hear its claim, Si-Nor must show that it has the capacity to maintain an action. Mather Construction Co. v. United States, 201 Ct. Cl. 219, 224-25, 475 F.2d 1152, 1155 (1973).

The capacity of a corporation to sue in the Claims Court is governed by RCFCC 17(b) which provides, in relevant part, that "[t]he capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." RCFC 17(b). This rule employs language identical to that of Rule 17(b) of the Federal Rules of Civil Procedure and former Rule 61(b) of the Court of Claims. In Mather, the Court of Claims considered this language and concluded that, in cases where the corporation is organized in the State of California, the capacity of a plaintiff corporation to sue must be determined under California law. Mather Constr. Co., 201 Ct. Cl. at 224; accord KDH Corp. v. United States, 23 Cl. Ct. 34 (1991). In accordance with Mather, California law is applicable to this case because Si-Nor is a corporation organized under the laws of California. Compl. ¶ 1.

Under California law, the State's Franchise Tax Board may suspend the powers, rights, and privileges for the corporation's failure to pay

franchise taxes. California Revenue and Taxation Code § 23301. "Under California law, a suspension of corporate status takes away the capacity of a corporation to sue or to defend a legal action." Computer Prods. Int'l, Inc. v. United States, 26 Ct. Cl. 518, 524 (1992) (citing Cmty. Elec. Serv. v. Nat'l Elec. Contractors Assoc., 869 F.2d 1235, 1239 (9th Cir. 1989), cert. denied, 493 U.S. 891 (1989), overruled on other grounds by Townsend v. Holman Consulting Corp. 914 F.2d 1136, 1141 (9th Cir. 1990); accord Matter of Christian & Porter Aluminum Co., 584 F.2d 326, 331 (9th Cir. 1978); Mather Constr. Co., 201 Ct. Cl. at 224 ("Under the law of California, a corporation which has been suspended for failure to pay franchise taxes is prohibited from suing, from defending a suit, or from appealing from an adverse decision."). The capacity to sue "is not only to bring an action, but is also the power to maintain it. . . . [I]ncapacity of a corporation will render it powerless to proceed and therefore may be raised as a defense at any time prior to final judgment." Mather Constr. Co., 201 Ct. Cl. at 225.

In this case, Si-Nor had its powers, rights, and privileges suspended on October 1, 2007, and that suspension has remained in effect since that time. See Exhibit A. Because Si-Nor's power and right to sue have been

suspended, it does not currently have the power to maintain this action.[1] Therefore, Si-Nor's claim is beyond the jurisdiction of this Court. Where a suit is beyond the jurisdiction of a Court, the Court should take no action but to dismiss the suit. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818-19 (1988); Johns-Manville Corp. v. United States, 893 F.2d 324, 327 (Fed. Cir. 1989); Haber v. United States, 17 Cl. Ct. 496, 499 (1989). Accordingly, the Court should dismiss Si-Nor's complaint.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court grant its motion to dismiss and dismiss plaintiff's complaint with prejudice, and that, in the interim, the Court stay all proceedings, including discovery, in this case.

---

[1] Plaintiff's counsel has communicated to defendant's counsel that Si-Nor has assigned its claim to a creditor. See Exhibit C. However, the purported assignment of interest cannot nullify the effect of Si-Nor's suspension upon its capacity to maintain this lawsuit. 31 U.S.C. § 3727 provides that "[a]n assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." As such, this Court has stated that "claims that have not yet been pursued in court to final judgment necessarily are precluded from assignment." Delmarva Power & Light Co. v. United States, 79 Fed. Cl. 205, 215 (2007) (emphasis supplied).

Respectfully submitted,

JEFFREY S. BUCKHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ A. Bondurant Eley
A. BONDURANT ELEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: 202-616-8254
Fax: 202-307-0972

Attorneys for Defendant

Dated: February 21, 2008

CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February 2008, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS AND TO STAY PROCEEDINGS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ A. Bondurant Eley

# EXHIBIT A

# State of California
## Secretary of State

## CERTIFICATE OF STATUS

| | |
|---|---|
| ENTITY NAME: | SI-NOR INCORPORATED |
| ENTITY FILE NUMBER: | C1762269 |
| ENTITY FILE DATE: | APRIL 19, 1995 |
| ENTITY TYPE: | DOMESTIC CORPORATION |
| ENTITY JURISDICTION: | CALIFORNIA |
| ENTITY STATUS: | SUSPENDED |

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That the corporate powers, rights and privileges of the above-referenced entity were suspended by the California Franchise Tax Board on October 1, 2007 pursuant to the provisions of the California Revenue and Taxation Code; and

That the powers, rights and privileges of the above-referenced entity remain suspended, reinstatement never having been effected.




**IN WITNESS WHEREOF**, I execute this certificate and affix the Great Seal of the State of California this day of February 6, 2008.

DEBRA BOWEN
Secretary of State

# EXHIBIT B

**U.S. Department of Justice**

Civil Division

Tel. (202) 616-8254
Fax: (202) 514-8624

JED:DAB:BELEY
D.J. No. 154-07-126

FILE COPY

*Washington, D.C. 20530*

February 4, 2008

***Via Facsimile and U.S. Mail***

Joseph F. Curd
Vincent Chan
Curd, Galindo & Smith, LLP
301 E. Ocean Boulevard, #1700
Long Beach, CA 90802

Re: *Si-Nor v. United States*, No. 07-126

Dear Mr. Curd and Mr. Chan:

I am in receipt of Mr. Chan's February 1 voicemail communicating your request to cancel the planned depositions of Susianne Patterson, Joe Gould, and Jeffrey Ausenbaugh in light of the suspension of Si-Nor's corporate license. In light of this message, I have cancelled the depositions as requested, and I also will not issue a notice for Si-Nor's 30(b)(6) deposition for the week of February 18 as I previously had planned.

In addition, please be advised that the Government considers that Si-Nor's suspension relieves it of any obligation to respond to interrogatories and document requests.

Very truly yours,

A. Bondurant Eley / [signature]

A. Bondurant Eley
Trial Attorney

# EXHIBIT C

**Eley, Bondurant (CIV)**

---

**From:** Vincent Chan [vchan@cgsattys.com]
**Sent:** Monday, February 04, 2008 5:32 PM
**To:** Eley, Bondurant (CIV)
**Cc:** 'Joe Curd'
**Subject:** Si-Nor v. U.S.

Bondurant:

I received your phone message of 2/3/08 and your fax of 2/4/08. We understand that all depositions have been cancelled for now and that the Government will not respond to our interrogatories and document requests under the circumstances.

As I mentioned in my phone message to you, we are seeking to obtain your agreement to extend the discovery cutoff so that our client may reinstate the corporation status. Furthermore, we are not sure if the fact that Si-Nor assigned the claim to Fulcrum prior to the filing of the suit would be relevant here. In either case, please let us know if you would agree to an extension of the discovery cutoff, or if you prefer to discuss it with Joe after you return to your office next week.

Thank you.

***Vincent S. Chan***
Attorney at Law
Curd, Galindo & Smith, LLP
301 E. Ocean Blvd., #1700
Long Beach CA 90802
Tel: (562) 624-1177 ext. 140

This e-mail contains confidential and/or privileged attorney/client information intended for the addressee's use only. If you are not the intended recipient, please be notified that any disclosure, copying, destruction, use or action in reliance on the contents is prohibited. Please call if this e-mail is misdirected